# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA MERCADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 5:20-cv-00227-JFW (MAA)<br><br>**ORDER OF DISMISSAL** |

## I.　SUMMARY OF PROCEEDINGS

On February 4, 2020, Plaintiff, identified in the Complaint as "Monica Mercado on behalf of [B.Z.M.[1]]," initiated this action for review of a final decision of the Commissioner of Social Security denying an application for Supplemental Security Income ("SSI"). (Compl. 1, ECF No. 1.) On February 4, 2020, Plaintiff also filed a Request to Proceed In Forma Pauperis (ECF No. 3), which the Court granted on February 5, 2020 (ECF No. 6).

On February 7, 2020, the Court issued an order ("Order-1") stating that Mercado is not the SSI claimant and therefore lacks statutory or constitutional

---

[1] Although the minor child is named in the Complaint, the Court uses the child's initials to protect his privacy.

standing to prosecute this case. (Order-1, at 1, ECF No. 7.) The Court stated that Mercado or her minor child could cure this defect by filing a First Amended Complaint ("FAC") no later than twenty-one days after the date of Order-1—i.e., **February 28, 2020**. (*See id*. at 2.) The Court also noted that Mercado had not applied to be appointed as guardian ad litem for B.Z.M., and cautioned that a non-attorney parent or guardian generally cannot bring a lawsuit on behalf of a minor without retaining a lawyer. (*Id*.)

On March 5, 2020, in the absence of a filed FAC or response to Order-1, the Court issued an Order to Show Cause ("Order-2"), ordering Mercado to show cause by **March 26, 2020**, why the action should not be dismissed without prejudice (1) for Mercado's lack of constitutional and/or statutory standing to prosecute this action, and (2) for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). (Order-2, at 1–2, ECF No. 8.)

On April 27, 2020, the action was stayed pursuant to Order of the Chief Judge No. 20-074. (ECF No. 9.) Upon the imposition of the stay, all deadlines were suspended until the day the stay was lifted. (*Id*.) On April 15, 2021, the stay was lifted pursuant to Order of the Chief Judge No. 21-37.

On April 26, 2021, in the absence of a response to Order-1 or Order-2, the Court issued another Order to Show Cause ("Order-3"), ordering Mercado to show cause no later than **May 17, 2021**, why the action should not be dismissed without prejudice (1) for Mercado's lack of constitutional and/or statutory standing to prosecute this action, and (2) for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). (Order-3, at 1–2, ECF No. 11.)

On October 29, 2021, in the absence of a response to Order-1, Order-2, or Order-3, the Court issued an Order Re: Representation of B.Z.M. by Counsel ("Order-4"). (Order-4, ECF No. 12.) The Court ordered Mercado to find a lawyer to represent B.Z.M. within thirty days after Order-4—i.e., **November 29, 2021**—or

risk dismissal of the action with prejudice. (*Id*. at 2.) The Court **cautioned "that failure to comply with this Order may result in a dismissal of Complaint without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b)**." (*Id*.)

To date, Mercado has failed to respond to Order-1, Order-2, Order-3, or Order-4. Indeed, Mercado has not communicated with the Court since initiating this action on February 4, 2020.

## II.     LEGAL STANDARD

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support

dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Finally, "in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Id*.

### III. ANALYSIS

#### A. The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[2] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re: Phenylpropanolamine*, 460 F.3d at 1227. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Plaintiff has failed to respond to Order-1, Order-2, Order-3, and Order-4, and otherwise has not participated in this action since February 4, 2020. The Court concludes that Plaintiff's inaction and lack of communication with the Court constitute willful unreasonable delay. *See, e.g., Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court

---

[2] The first two factors are usually reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

order for almost three months). Plaintiff's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'") (quoting *In re Eisen*, 31 F.3d at 1451)). The first and second factors favor dismissal.

### B.  Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "The law also presumes prejudice from unreasonable delay." *Id*. The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.

Plaintiff has refused to respond to Order-1, Order-2, Order-3, and Order-4, without explanation. As "a presumption of prejudice arises from the plaintiff's unexplained failure to prosecute," the third factor favors dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).

### C.  Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal. "The district court need not exhaust every sanction short of dismissal
///

before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

The Court considered and implemented less drastic alternatives prior to dismissal. The Court explicitly warned Plaintiff that failure to comply with Order-4 may result in the dismissal of the Complaint without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). (Order-4, at 2.) *See In re: Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). The Court also extended Plaintiff's deadline to respond three times, from February 28, 2020 to March 26, 2020; to May 17, 2021; and finally to November 29, 2021. (Order-1, Order-2, Order-3, Order-4.) *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court's allowance of an additional thirty days for plaintiff to file an amended complaint was an attempt at a less drastic sanction). The fourth factor weighs in favor of dismissal.

### D.      Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). The case has been stalled by Plaintiff's failure to respond to the Court's orders (Order-1, Order-2, Order-3, and Order-4). Still, the public policy favoring the resolution of disputes on the merits is strong and, under the circumstances, outweighs Plaintiff's noncompliance and inaction.

      **E.**    **Dismissal Without Prejudice**

In summary, Plaintiff's failure to respond to Order-1, Order-2, Order-3, and Order-4, and failure to otherwise participate in this lawsuit since February 4, 2020, constitute willful unreasonable delay. Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). The Court concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

**IV.**    **CONCLUSION**

IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice. No further filings shall be accepted under this case number.

DATED: January 19, 2022

                                                     JOHN F. WALTER
                                                     UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE